

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON**

TRISH M. BROWN
CHIEF JUDGE

1001 SW FIFTH AVENUE, #700
PORTLAND, OREGON 97204
(503) 326-1592

STEPHEN A. RAHER
LAW CLERK

SUZANNE M. MARX
JUDICIAL ASSISTANT

June 13, 2018

Matthew A. Arbaugh
Arbaugh Law, P.C.
121 SW Morrison St., Suite 1520
Portland, OR 97204

Rex K. Daines
OlsenDaines PC
PO Box 12829
Salem, OR 97309

**VIA CM/ECF ONLY**

Re: *Alliance One Receivables Mgmt. v. Ugas*, Adv. Proc. No. 18-3001-tmb
 *In re Alberto & Luann Ugas*, Case No. 17-33634-tmb7

Dear Counsel:

This matter came before the court on a Motion for Summary Judgment (the "Motion," ECF No. 12) filed on May 2, 2018, by plaintiff Alliance One Receivables Management, Inc. Debtors filed an untimely response to the Motion on May 22, 2018, and Plaintiff filed a reply on June 5. I write today to announce the court's ruling.

Facts[1]
Debtor Alberto Ugas formerly lived in Sumner, Washington and worked as the Deputy Assessor Treasurer of Pierce County. Stmt. of Fin. Affairs (Main Case ECF No. 1), at 1; Declaration of Donna Masumoto (AP ECF No. 15), Exh. 5, at 2. In 2010, Mr. Ugas and an associate, Daniel Fishburn, filed a recall petition against Mark Lindquist, the prosecuting attorney for Pierce County. Masumoto Decl. ¶¶ 4-6.

In Washington, a petition to recall an elected official must be reviewed by a superior court judge before the proponents can gather signatures. R.C.W. 29A.56.140. In the case of Mr. Ugas's petition, the Pierce County Superior Court not only ruled that the petition was inadequate as a

---

[1] Pursuant to Federal Rule of Civil Procedure 56(c) (applicable through Federal Rule of Bankruptcy Procedure 7056), Plaintiff has filed a detailed declaration supporting its factual allegations, and has summarized the material facts in a concise statement as required by Local Bankruptcy Rule 7056-1(a)(1)(B). Although Debtors have filed a response to the Motion, they have failed to respond to the concise statement of material facts in the manner required by Local Bankruptcy Rule 7056-1(b)(1). I have reviewed Plaintiff's evidence thoroughly and have identified no inconsistencies or other reasons to doubt its authenticity and accuracy. Accordingly, I accept Plaintiff's factual allegations as undisputed, pursuant to Federal Rule of Civil Procedure 56(e)(2).

matter of law, but it further concluded that Mr. Ugas had initiated the recall procedure in bad faith and for purposes of harassing Mr. Lindquist. Masumoto Decl., Exhs. 2 and 5.

Pursuant to Washington Superior Court Civil Rule 11, the Superior Court imposed sanctions on Mr. Ugas and entered judgment against "Alberto A. Ugas and 'Jane Doe' Ugas, husband and wife," for $50,000, attributable to the attorney fees incurred by Mr. Lindquist. *Id.*, Exh. 6. The judgment was subsequently increased to $84,492.50 after Mr. Lindquist incurred additional costs defending against an unsuccessful appeal. *Id.* ¶ 18 and Exh. 7. Plaintiff currently holds this judgment as assignee. *Id.*, Exhs. 8 and 9.

Debtors subsequently moved to Oregon and filed a voluntary chapter 7 petition on September 28, 2017.[2] Plaintiff commenced this adversary proceeding on January 2, 2018, seeking a declaration that the Superior Court judgment is non-dischargeable under § 523(a)(6) of the Bankruptcy Code.

Legal Standards
I have jurisdiction to decide this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I). A court should grant summary judgment on a claim "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (applicable through Fed. R. Bankr. P. 7056). The movant has the burden of establishing that there is no disputed issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the facts and draw all inferences in the light most favorable to the non-moving party. *Horphag Research Ltd. v. Pellegrini*, 337 F.3d 1036, 1040 (9th Cir. 2003). The primary inquiry is whether the evidence presents a sufficient disagreement to require a trial, or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247 (1986). A party opposing a properly supported motion for summary judgment must present affirmative evidence of a disputed material fact from which a finder of fact might return a verdict in its favor. *Id.* at 257.

Section 523(a)(6) excepts from discharge debts "for willful and malicious injury by the debtor to another entity or to the property of another entity." Proving willfulness requires a showing that "the debtor has a subjective motive to inflict injury or . . . believes that injury is substantially certain to result from his own conduct." *Ormsby v. First Am. Title Co. of Nev. (In re Ormsby)*, 591 F.3d 1199, 1206 (9th Cir. 2010). A malicious injury is one that "involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." *Id.* at 1207.

Analysis
Plaintiff argues, and Debtors do not dispute, that the findings and conclusions of the Pierce County Superior Court are entitled to preclusive effect under Washington's law of collateral estoppel. The question then becomes whether the facts established in the previous case are sufficient for Plaintiff to prevail under § 523(a)(6).

---

[2] In 2012, Mr. Fishburn and his wife filed their own chapter 7 petition in the Western District of Washington. Their liability on the judgment was also subject to a dischargeability action by the then-holder of the judgment. *See Pierce County v. Fishburn*, Adv. Proc. No. 12-4310 (Bankr. W.D. Wash.). The Hon. Paul B. Snyder granted summary judgment to Pierce County as to Mr. Fishburn, but granted Mrs. Fishburn's cross motion seeking a determination that her liability on the judgment was dischargeable.

Debtors argue that § 523(a)(6) requires the commission of an intentional tort, and the Pierce County court's findings do not establish that Debtors committed any such offense. Assuming, without deciding, that Debtors have correctly characterized the applicable rule, the law of the Ninth Circuit nonetheless recognizes litigation sanctions as potentially non-dischargeable under § 523(a)(6) because litigation misconduct is "tortious in nature" and is "akin to malicious prosecution and abuse of process." *Papadakis v. Zelis (In re Zelis)*, 66 F.3d 205, 209 (9th Cir. 1995).

Accordingly, the question here is whether Mr. Ugas's specific conduct meets the required threshold. Based on the findings of the Pierce County Superior Court, I find that it does. The Washington court found that Mr. Ugas initiated an "intentionally frivolous recall proceeding." Masumoto Decl, Exh. 5, at 3. Debtors respond that "there was no finding that the Defendants' motive was to inflict injury (attorneys fees); rather, it was to get Lindquist recalled." Def. Resp. (ECF No. 22) at 2. This argument lacks merit, because the Washington court's findings establish that Mr. Ugas intended to inflict injury in the form of legal costs: the court found that Ugas framed his petition "so as to be deliberately confusing and burdensome to review," and it concluded that Lindquist was entitled to attorney fees specifically as a result of Mr. Ugas's "procedural bad faith." *Id.* at 3 and 6. The Pierce County court's findings are ample to establish that Mr. Ugas acted with subjective intent to cause injury.

The next question is whether Mr. Ugas acted with malice. Again, the record is clear. The Superior Court found that Mr. Ugas was motivated by "animosity" and that he acted "in bad faith for the improper purposes of harassing Mark Lindquist." *Id.* at 2 and 5. Debtors have produced no evidence suggesting that Mr. Ugas acted with just cause or excuse.

I therefore find that the Pierce County Superior Court's ruling establishes as a matter of law that the judgment is for a willful and malicious injury, and is therefore non-dischargeable as to Mr. Ugas under § 523(a)(6). This does not settle the matter as to Mrs. Ugas, who is mentioned nowhere in the Washington court's findings and conclusions.

Plaintiff argues that "Jane Doe" Ugas is named in the judgment, and that this is conclusive given Debtors' failure to submit any evidence in opposition to the Motion. I disagree. As the party opposing discharge, Plaintiff bears the burden of proof. *See generally Grogan v. Garner*, 111 S.Ct. 654 (1991). Plaintiff's Motion, supporting memorandum, and evidence are completely devoid of a single reference to Mrs. Ugas. Just because she is liable on the judgment, does not establish that she willfully and maliciously injured Mr. Linquist, as is necessary for a declaration under § 523(a)(6). Because Plaintiff has produced no evidence concerning Mrs. Ugas's involvement in the actions from which the judgment arose, the Motion must be denied as to her.

In conclusion, I grant Plaintiff's Motion with respect to Mr. Ugas, and deny the Motion as to Mrs. Ugas. Counsel for Plaintiff should submit an order consistent with this ruling within seven days.

Very truly yours,

Trish M. Brown